Benjamin F. Johns (NJ BAR # 038182005)
**CHIMICLES & TIKELLIS LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Tel: (610) 642-8500
bfj@chimicles.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHELLE BARNETT, | : | |
| | : | |
| Plaintiff, | : | No._________________ |
| | : | |
| vs. | : | |
| | : | CLASS ACTION |
| SAMSUNG ELECTRONICS AMERICA, INC. | : | |
| | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

Plaintiff Michelle Barnett, individually and on behalf of all others similarly situated, alleges the following against Defendant Samsung Electronics America, Inc. ("Samsung" or "Defendant").

**PARTIES**

1. Pursuant to Local Civil Rule 10.1(a) Plaintiff alleges as follows:

   a. Plaintiff Barnett is a citizen of Hickory, Kentucky. Her street address is 60 Olden Road, Hickory, KY 42051. Plaintiff Barnett purchased a Samsung Note 4 approximately two years ago.

   b. Defendant Samsung is a New York corporation with its headquarters and principal place of business located at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

## SUMMARY OF THE ACTION

2. This is a class action on behalf of individuals and entities who purchased Samsung Note 4 or Note 4 Edge smartphones (collectively, the "Note 4"). A defect in the Note 4 causes sluggish performance, freezing, unprompted reboots, and, eventually, complete failure (the "Bootloop Defect" or "Defect"). The Defect gives Note 4 phones the propensity to crash and then become stuck on the initial Samsung boot screen rendering the phone useless.

3. The Bootloop Defect has left consumers with smartphones that do not work as intended and, in many cases, with no recourse other than paying substantial repair costs. Even in instances where Samsung has replaced defective Note 4 phones, consumers have had to wait several days or weeks for help, which is often a refurbished Note 4 that suffers from the same Defect.

4. Samsung knew or should have known of the Defect before releasing the Note 4 because (1) Samsung conducted extensive pre-release testing directed at identifying design and manufacturing defects; and (2) Samsung received reports of substantially identical failures relating to smartphones that it released as predecessors of the Note 4. Samsung, nevertheless, continued to market and sell the Note 4 without disclosing the Defect to consumers.

5. Plaintiff and Class members sustained economic harm attributable to Defendant's violations and seek relief through this action.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

7. This Court also has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332, because this lawsuit is a proposed class action in which: (1) there are at least 100 class members; (2) the combined claims of Class members exceed $5,000,000, exclusive of interest, attorneys' fees and costs; and (3) Plaintiff and Defendant are domiciled in different states.

8. This Court has personal jurisdiction over Samsung because its principal place of business is within this District and Samsung has sufficient minimum contacts in this state to render the exercise of jurisdiction by this Court proper.

9. Venue is proper in this Court under 28 U.S.C. § 1391(3) because Samsung's principal place of business is within this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PLAINTIFF-SPECIFIC ALLEGATIONS

10. On March 16, 2015, Plaintiff Barnett purchased a brand new Note 4 online from eBay. Plaintiff Barnett paid about $600 for the Note 4. When Plaintiff purchased the Note 4, Samsung had not disclosed (and she did not know) that it contained the Bootloop Defect. Plaintiff expected that the Note 4 would function properly beyond a few months.

11. Plaintiff Barnett's Note 4 only functioned properly for a short period of time; after which, the device began exhibiting symptoms of the Defect: unprompted shutdowns and reboots, sluggish behavior, and sporadic freezing. The phone ultimately shuts down and enters an endless reboot cycle rendering the device completely inoperable. The bootloop condition also rapidly drains the phone's battery.

12. Plaintiff Barnett contacted Samsung for assistance in repairing her Note 4. Samsung denied that the phone was defective and refused to help without charging Ms. Barnett

for repairs. Samsung suggested that Plaintiff Barnett take her phone to Best Buy to have Best Buy representatives attempt to repair it.

13. Best Buy's attempted repair was neither quick nor effective. Plaintiff spent hours waiting for Best Buy representatives to repair her phone, and the repair was ultimately unsuccessful.

14. To date, Plaintiff's Note 4 still suffers from the Bootloop Defect and other symptoms of the Defect.

15. Had Plaintiff known that the Note 4 was defective, she would not have purchased it or would have paid less for it.

## COMMON FACTUAL ALLEGATIONS

**The Note 4 Has a Propensity to Fail**

16. Samsung released the Note 4 in October 2014. The Note 4 is a premium smartphone. When released, it was priced over $800.

17. Samsung designed, manufactured, and marketed the Galaxy Note 4. Samsung sold the Note 4 to consumers directly as well as through cellular service carriers and other retailers.

18. The Bootloop Defect impairs the performance of Note 4 phones and ultimately causes complete failure. The phones shut down and enter an endless reboot cycle rendering the device inoperable.

19. The only known method of fixing a Note 4 that has failed from the Bootloop Defect is to replace the phone's "printed board assembly," which is another term for the phone's internal circuit board. The printed board assembly serves as the phone's command center and houses all of its essential hardware components. Replacement of the printed board assembly is

costly and requires technical expertise and access to replacement parts unique to the Note 4. Thus, consumers and the majority of repair technicians cannot fix Note 4 phones that have failed from the Bootloop Defect.

**Consumer Complaints**

20. Plaintiff's experience with the Samsung Note 4 is not an isolated occurrence; the internet is replete with complaints by consumers who recently purchased Samsung phones, only to experience the same bootloop problem. Examples of some of these complaints are below:

**Samsung Forums**



userrl2l2Eypwq ASTEROID 01-23-2017 01:44 AM

**Re: Note 4 constantly restarting then boot loop**

Samsung this is totally unacceptable. Many people have complained about this also over at the Verizon Wireless forums as well. We get all kinds of suggestions, IE. clear the cache system , do a factory reset, etc. I bought my phone in October of 2015 and I havent even paid it off yet. It gets very hot now from the battery, my sim card isnt reconized now and I have also cleared my cache from the boot menu. I now have a piece of garbage phone that reboots and is very hot from the battery. This began last evening after I put it on my charger ( yes the one that came with the unit itself. Obviously the note 7 has been a complete flop and I would expect your stock prices to fall off even more.

You need to get your tech teams on this pronto and figure out how to remedy this situation. As for VZW they are as about as effective with their ideas to remedy this siutation with the Note 4 as you are.

[1]

user2CZIS9WN0G ASTRONAUT 03-27-2017 01:30 PM - edited 03-27-2017 01:38 PM

**Re: Note 4 constantly restarting then boot loop [ Edited ]**

This is not a bad battery issue. This is happening for several thousand people. WakeLock saved my phone and like others, I'm still paying on it (although I'm about done making payments). Very sad that Samsung left us out to dry and after all the fire hazard issues and now this, I'm very hesitant to look at a Note8 or any other Samsung product. You can't expect the consumer to spend $650+ on your product and it will only last 3-4 years at best. I like the Note 4, but the last 6-8 months have been brutal....

(3) This Helped Me

REPLY

[2]

[1] https://us.community.samsung.com/t5/Galaxy-Note-Phones/Note-4-constantly-restarting-then-boot-loop/td-p/59956 (last visited August 11, 2017)




[3]




[4]

---

[2] https://us.community.samsung.com/t5/forums/v3_1/forumtopicpage/board-id/GalaxyNotePhones/thread-id/10159/page/2 (last visited August 11, 2017)

[3] https://forums.androidcentral.com/samsung-galaxy-note-4/556427-verizon-galaxy-note-4-stuck-boot-loop-after-latest-update-how-can-i-get-out.html (last visited August 11,2017)

[4] *Id.* (last visited August 11, 2017)




5

Youtube




6



Pedraza Art 7 months ago
I've had this phone since it was announced, and i also experienced this exact same problem. So i purchased a new battery and it seemed to fix the issue but after 2-4 months same thing happened. I feel like i cant even resell this phone, and when I'm lucky enough that it does power on the battery only lasts 4 hours.
i am currently back with iPhone and have NEVER experienced any problems with them.
i will not be going back to samsung at all after this experience
very cool sleek phone but worthless
Show less

7

---

5 https://forums.androidcentral.com/samsung-galaxy-note-4/639623-note4-crashing-rebooting-seems-widespread-4.html (last visited August 11, 2017)
6 https://www.youtube.com/watch?v=kqsN37sOlXQ (last visited August 11, 2017)
7 *Id.* (last visited August 11, 2017)

**Twitter**




[8]

**Samsung's Knowledge of the Defect**

21. At least as early as April 2016, Samsung began receiving complaints about its Note 4 Phones failing from the Bootloop Defect. Samsung, however, knew or should have known of the Defect well before it began receiving these complaints.

22. Samsung performs pre-release testing of its devices. Around the time of the Note 4's release, Samsung reported that "[t]he manufacturing team put a lot of effort into minimizing the number of defects before the manufacturing process even began." *See* https://news.samsung.com/global/how-quality-assurance-of-the-galaxy-note-4-in-done-in-the-factory (last visited Aug. 23, 2017). "The team spent a lot of time in making sure no defects happen, mostly because the team was more passionate than ever with the expectation they had for the Galaxy Note 4. According to MK Song, a senior manager of the Main Manufacturing Team at the Mobile Communication Division of Samsung Electronics, this expectation influenced everyone who was involved in the Galaxy Note 4 project, from device development, component quality, hardware, device manufacturing to software." *Id.*

[8] https://twitter.com/TheOneFailure_/status/758131747397701632 (last visited August 11, 2017)

23. In a separate press release, Samsung announced that it "makes and sells hundreds of millions of smart devices each year, and it's very important that each and every one is in line with its strict quality control standards." *See* https://news.samsung.com/global/enduring-the-gluteus-maximus (last visited Aug. 23, 2017). "Samsung runs rigorous tests both during and after development and production." *Id.*

24. The Note 4 is not the first of Samsung's phone's to suffer from the Bootloop Defect. Two of the Note 4's predecessors—the Note 2 and the Note 3[9]—suffered from a substantially identical defect, and Samsung received reports of these problems. *See, e.g.*, https://us.community.samsung.com/t5/Galaxy-Note-Phones/Samsung-Galaxy-Note-2-GT-N7100/m-p/6477/highlight/true#M721 (last visited Aug. 23, 2017) (Note 2); http://blog.brokenlcds.com/samsung-galaxy-note-3-random-restart-and-boot-loop-problem/ (last visited Aug. 23, 2017) (Note 3).

25. Samsung accordingly knew or should have known that the Note 4 was defective prior to releasing the phone.

**Samsung's Inadequate Response to Consumer Complaints**

26. Samsung has not offered an adequate remedy to Note 4 owners whose devices have failed from the Bootloop Defect. Some consumers report multiple failures, despite Samsung's attempt to repair or replace their devices. Others have been charged hundreds of dollars for repairs. Still others report that Samsung has furnished replacement devices that are incapable of receiving necessary software updates.

[9] Samsung released the Note 2 in September 2012 and released the Note 3 one year later.

27. The Bootloop Defect is so pervasive that Samsung has, in some cases, run out of parts needed to repair defective Note 4 phones and placed repair requests on hold due to unavailable parts.

28. Many consumers have turned to a third-party application, which can prolong the life of their Note 4 phones. The fix, however, is temporary and even with the application installed, the Note 4 will eventually fail completely.

29. Despite widespread failure, Samsung has not issued a recall or a warranty extension for the Bootloop Defect.

**Further Details Regarding Consumers and Cell Phones**

30. Cell phones have increasingly become a necessity of life in the United States.

31. Approximately nine out of every ten Americans own a cell phone. According to a recent study by the Center for Disease Control and Prevention, 41% of American households use cell phones exclusively. These households encompass 93 million adults and nearly 35 million children. The average American consumer replaces his or her cell phone every 30 months.

## CLASS ACTION ALLEGATIONS

32. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Barnett brings this action on behalf of herself and a proposed nationwide class initially defined as:

**Nationwide Class**

> All persons or entities in the United States who purchased or owned at least one Note 4 Phone.

33. In the alternative, Plaintiff Barnett brings this action on behalf of herself and a proposed Kentucky Class initially defined as:

**Kentucky Class**

> All persons or entities in Kentucky who purchased or owned at least one Note 4 Phone.

34. The classes are described collectively herein as the "Class."

35. Excluded from the proposed class are Defendant and its officers, directors, legal representatives, parents, subsidiaries, affiliates, successors, assigns, and any entity in which defendant has a controlling interest. Also excluded is any judicial officer assigned to this case.

36. Numerosity—Fed. R. Civ. P. 23(a)(1). The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiff at the present time and can only be ascertained through appropriate discovery, Plaintiff believes that there are tens of thousands of members of the class located throughout the United States. It would be impracticable to join the class members individually.

37. Existence and predominance of common questions of law—Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all Class members and predominate over questions solely affecting individual Class members. Among the many questions of law and fact common the class are:

a) Whether Defendant designed, manufactured, marketed, and distributed the Note 4 Phones with a Defect that gives them a propensity to fail;

b) When Defendant became aware of the Bootloop Defect in the Note 4 and Defendant's reaction to that knowledge;

c) Whether Defendant concealed and failed to notify consumers of the Bootloop Defect in the Note 4.

d) Whether a reasonable consumer would consider the Bootloop Defect important in deciding on a smartphone purchase;

e) Whether Defendant adequately responded to consumer complaints about the Bootloop Defect in the Note 4;

f) Whether Defendant's conduct violates state and federal warranty laws;

g) Whether Defendant's conduct violates consumer protection laws;

h) Whether Defendant overcharged consumers for the Note 4;

i) Whether Plaintiff and Class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief; and

j) Whether Plaintiff and Class members are entitled to damages and other monetary relief and, if so, in what amount.

38. Typicality—Fed. R. Civ. P. 23(a)(3). Plaintiff Barnett's claims are typical of the claims of Class members because Plaintiff, like all Class members, purchased a Note 4 that she would not have purchased, or would have paid less for, had she known of the Bootloop Defect.

39. Adequacy—Fed. R. Civ. P. 23(b)(3). Plaintiff Barnett will adequately represent the proposed Class. Plaintiff Barnett has no interests contrary to or in conflict with the interests of any other Class member. Plaintiff Barnett is committed to the vigorous pursuit of this action and has retained competent counsel experienced in the prosecution of consumer protection class actions.

40. Superiority—Fed. R. Civ. P. 23(b)(3). A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Defendant's financial resources, no Class member is likely to pursue legal redress individually for the violations detailed herein. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

41. In the alternative, the Class may be certified under Rule 23(b)(1), 23(b)(2) or 23(c)(4) because:

(a) The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant;

(b) The prosecution of separate actions by individual Class members would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests;

(c) Defendant acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole; and

(d) The claims of class members are comprised of common issues that are appropriate for certification under Rule 23(c)(4).

**COUNT I**
**Breach of the Implied Warranty of Merchantability**
**(On behalf of the Nationwide Class or, in the alternative,**
**on behalf of the Kentucky Class)**

42. Plaintiff incorporates the above allegations by reference.

43. By operation of law, Defendant impliedly warranted to Plaintiff Barnett and Class members that the Note 4 phones they purchased were of merchantable quality and fit for their ordinary and intended use as smartphone devices.

44. Plaintiff and Class members either bought their Note 4 phones directly from Defendant or are the intended third-party beneficiaries of written agreements between Defendant and its authorized retailers and of the implied warranties that attach to those contracts.

45. Defendant breached the implied warranty of merchantability in connection with its sale and distribution of the Note 4 phones. At the point of sale, the Note 4 phones contained unseen manufacturing or design defects, and the manifestation of the Defects renders the product inoperable during its useful life. The Defect in the Note 4 phones existed when the phones left Defendant's possession and rendered them unmerchantable and unfit for their intended and ordinary purpose.

46. Had consumers known of the embedded Defects in the Note 4, they would not have purchased or would have paid less for the Note 4 phones.

47. Plaintiff Barnett furnished Defendant an opportunity to cure its breach of warranty, to no avail. Instead of providing Plaintiff Barnett with a refund or replacing her Note 4 with a nondefective phone, Defendant offered to provide a repair only if Plaintiff paid for it and advised her to seek assistance from an unrelated third party—Best Buy. Defendant has refused to recall, adequately repair, replace, or refund the purchase price of failed Note 4 phones.

48. Under the circumstances herein, Samsung's attempt to limit the duration and other terms of its warranty are procedurally and substantively unconscionable and are, therefore, ineffective.

49. As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff and Class members have sustained damages in an amount to be determined at trial.

**COUNT II**
**Violations of the Magnuson-Moss Warranty Act,**
**15 U.S.C. § 2301, *et seq.***
**(On behalf of the Nationwide Class or, in the alternative, on behalf of the Kentucky Class)**

50. Plaintiff incorporates the above allegations by reference.

51. Plaintiff Barnett brings this claim on behalf of the Nationwide Class or, in the alternative, on behalf of the Kentucky Class.

52. The Note 4 phones are "consumer products" under 15 U.S.C. § 2301(1).

53. Plaintiff and Class members are "consumers" under 15 U.S.C. § 2301(3).

54. Samsung is a "supplier" and a "warrantor" under 15 U.S.C. § 2301(4)-(5).

55. Samsung warranted to Plaintiff and Class members that the Note 4 phones they purchased were free from defects, of merchantable quality, and fit for the ordinary purposes for which smartphones are used.

56. Defendant breached and refused to honor these implied promises. As a result of the Bootloop Defect, Note 4 phones failed to perform in accordance with their ordinary and intended purposes. The devices have a propensity to fail.

57. Defendant has been given a reasonable opportunity to cure its breaches of warranty. Defendant has had ample notice of the Bootloop Defect, but has not provided an adequate remedy.

58. The amount in controversy for purposes of Plaintiff's individual claims is more than $25, and the amount in controversy of this action exceeds $50,000 (exclusive of interests and costs). There are fewer than one hundred named plaintiffs in this action.

59. As a direct and proximate result of Defendant's violations of the Magnuson-Moss Act, Plaintiff and the Class members have suffered injury and damages in an amount to be determined at trial. Further, under 15 U.S.C. § 2310(d)(2), they are entitled to an appropriate award of their attorneys' fees and costs.

**COUNT III**
**Unjust Enrichment**
**(On behalf of the Nationwide Class or, in the alternative,**
on behalf of the Kentucky Class)

60. Plaintiff incorporates the above allegations by reference.

61. This claim is plead in the alternative to the breach of implied warranty claim.

62. Plaintiff Barnett and Class members conferred a benefit on Defendant by purchasing the Note 4 phones.

63. The Note 4 phones that Plaintiff Barnett and the Class members purchased were not fit for their ordinary use. Defendant failed to disclose the Defects in the Note 4 phones and failed to provide an adequate remedy to those harmed by them. Therefore, Samsung's retention of revenues traceable to the Note 4 phones is unjust and inequitable.

64. Plaintiff and Class members are entitled to restitution of their losses. Defendant should be required to disgorge its ill-gotten gains.

**COUNT IV**
**Violations of the Kentucky Consumer Protection Act**
**KY. REV. STAT. ANN. § 367.110 to 367.330 ("Kentucky CPA")**
**(On behalf of the Kentucky Class)**

65. Plaintiff repeats and realleges the allegations contained above as though fully set forth herein.

66. Plaintiff Barnett brings this claim on behalf of herself and the Kentucky Class.

67. The Kentucky CPA declares unlawful, inter alia, "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce," where "unfair should be construed to mean unconscionable." KY. REV. STAT. § 367.220.

68. Plaintiff Barnett and the members of the Kentucky class are "persons" within the meaning of Section 367.110(1) of the Kentucky Revised Statutes.

69. Samsung is engaged in "trade" or "commerce" within the meaning of Section 367.110(2) of the Kentucky Revised Statutes.

70. At all relevant times, Samsung engaged in unfair practices by, *inter alia*, manufacturing and selling Note 4 phones with the Bootloop Defect and failing to provide an adequate remedy to consumers who complained of the Defect.

71. Defendant's conduct alleged herein is furthermore unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

72. As a direct and proximate result of the unfair acts or practices of Samsung alleged herein, Plaintiff Barnett and the Kentucky Class were damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a) Determining that this action is a proper class action, certifying Plaintiff as a Class representative under Federal Rule of Civil Procedure 23 and Plaintiff's counsel as Class Counsel;

(b) Ordering injunctive relief;

(c) Awarding all actual, general, special, incidental, statutory, treble or multiple, punitive and consequential damages to which Plaintiff and Class members are entitled;

(d) Awarding pre-judgment and post-judgment interest on such monetary relief;

(e) Awarding restitution in an amount according to proof;

(f) Awarding Plaintiff and Class members their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(g) Such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: September 5, 2017

Respectfully submitted,

By:______________________________

**CHIMICLES & TIKELLIS LLP**
Benjamin F. Johns
Andrew W. Ferich
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Fax: (610) 649-3633
bfj@chimicles.com
awf@chimicles.com

Daniel C. Girard (*pro hac vice forthcoming*)
Adam E. Polk (*pro hac vice forthcoming*)
Simon S. Grille (*pro hac vice forthcoming*)
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
dcg@girardgibbs.com
aep@girardgibbs.com
sg@girardgibbs.com

***Attorneys for Plaintiff***

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Plaintiffs, by their attorneys, hereby certify that to the best of their knowledge, the matter in controversy is related to *Beture, et al. v. Samsung Electronics America*, No. 2:17-cv-05757-SRC-CLW (D.N.J. Aug. 4, 2017). Plaintiffs are not currently aware of any additional party who should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 6, 2017

**CHIMICLES & TIKELLIS LLP**

By: */s/ Benjamin F. Johns*

Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500
Email: bfj@chimicles.com